**STATE of Missouri, Respondent,**

v.

**William Henry COGSHELL, Jr., Appellant.**

**No. WD 56233.**

Missouri Court of Appeals, Western District.

July 6, 1999.

Motion to Modified Opinion Denied Aug. 31, 1999.

Tara L. Jensen, Asst. Appellate Defender, Kansas City, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before: EDWIN H. SMITH, P.J., and HANNA and SPINDEN, JJ.

EDWIN H. SMITH, Presiding Judge.

William H. Cogshell appeals from the judgment of the circuit court of his jury convictions of and sentences for two counts of sexual misconduct in the first degree, § 566.090.[1] He was sentenced to concurrent terms of six months on each count in the Jackson County Department of Corrections.

In his sole point on appeal, the appellant claims that the trial court erred in denying his motion for judgment of acquittal at the close of all the evidence and sentencing him on two counts of sexual misconduct in the first degree because there was insufficient evidence to support his convictions in that the State did not establish the requisite element of sexual misconduct that he engaged in the alleged conduct without the victim's consent.

We reverse.

### Facts

The appellant met T.B., a thirteen-year-old boy, in the summer of 1996. During their initial conversation, the appellant asked T.B. if he wanted to make some money. T.B. testified that although he did not know exactly what the appellant meant, he had an idea, so he refused his offer. Approximately one month later, T.B. agreed to meet the appellant at a gas station because T.B. needed to earn some money. The appellant drove T.B. to his house. When they arrived, the appellant offered to give T.B. money in exchange for being allowed to perform oral sex on him, and T.B. agreed. During the following months, the appellant performed oral sex on T.B. approximately eight or nine times and gave him numerous gifts. The appellant also touched T.B.'s penis with his hand and masturbated him on approximately five occasions. The last such incident occurred in late April 1997 when T.B. was fourteen years old.

On May 9, 1997, the appellant told T.B. that he was going to take him to the Full Employment Council to get a summer job. However, the appellant took him back to his house instead. When they arrived at the appellant's house, T.B. told him that he no longer wanted to engage in sexual relations with him. As a result, the appellant became upset and demanded that T.B. return the gifts he had given him. At that time, T.B. was wearing a shirt, shoes, and underclothes that the appellant had given him. T.B. removed these items and started to leave. He decided, however, that he did not want to return home wearing only his pants. As such, he returned to the appellant's house.

Sometime after T.B. had left and then returned, the appellant called the police and reported a prowler. Officer John Coulter of the Kansas City Police Department responded to the call. When he arrived at the appellant's house, he found T.B. laying on the porch crying. When Officer Coulter asked T.B. what he was

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

doing there, he told him that he had been kicked out of the house by the appellant because he would not have sex with him. Upon questioning by Officer Coulter, the appellant stated that T.B. was his "lover" and admitted to fondling him on several occasions. He denied that he had ever engaged in sexual intercourse or oral sex with T.B., or that he had forced him to do anything.

The appellant was indicted for one count of statutory sodomy in the first degree, § 566.062, one count of statutory sodomy in the second degree, § 566.064, and two counts of sexual misconduct in the first degree, § 566.090. An information in lieu of the indictment was subsequently filed, which further alleged that the appellant was a prior and persistent offender pursuant to § 558.016. The case was tried to a jury beginning on March 30, 1998, in the Circuit Court of Jackson County. At the close of the State's evidence, the appellant moved for judgment of acquittal, which was overruled. The appellant presented no evidence on his own behalf and moved for judgment of acquittal at the close of all the evidence, which was also overruled. The jury returned guilty verdicts on all four counts. Thereafter, the appellant filed a motion for judgment notwithstanding the verdicts or, in the alternative, for a new trial, which was also overruled.

On June 4, 1998, the trial court, the Honorable Thomas H. Newton, entered its judgment convicting the appellant of one count of statutory sodomy in the first degree, one count of statutory sodomy in the second degree, and two counts of sexual misconduct in the first degree. Having found the appellant to be a prior and persistent offender, the trial court sentenced him to thirteen years on the first degree sodomy charge and five years on the second degree sodomy charge in the Missouri Division of Adult Institutions and to six months on each of the sexual misconduct charges in the Jackson County Depart-ment of Corrections. The judgment indicates that the sentences were concurrent.

This appeal follows.

## Standard of Review

■ "When reviewing the sufficiency of evidence supporting a criminal conviction, the [c]ourt does not act as a 'super juror with veto powers,' but gives great deference to the trier of fact." *State v. Chaney,* 967 S.W.2d 47, 52 (Mo. *banc* 1998) (*quoting State v. Grim,* 854 S.W.2d 403, 414 (Mo. *banc* 1993)). Appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror could have found the defendant guilty beyond a reasonable doubt. *Id.* All evidence favorable to the State and all reasonable inferences drawn therefrom are accepted as true, and all evidence and inferences to the contrary are disregarded. *Id.*

## I.

■ In his sole point on appeal, the appellant claims that the trial court erred in denying his motion for judgment of acquittal at the close of all the evidence and sentencing him on two counts of sexual misconduct because there was insufficient evidence to support his convictions in that the State did not establish the requisite element of sexual misconduct that he engaged in the alleged conduct without the victim's consent.

The appellant does not challenge his convictions of statutory sodomy in the first degree, § 566.062, or statutory sodomy in the second degree, § 566.064. He only challenges his convictions of sexual misconduct in the first degree under § 566.090, which provides:

> 1. A person commits the crime of sexual misconduct in the first degree if he has deviate sexual intercourse with another person of the same sex or he purposely subjects another person to sexual contact or engages in conduct which would constitute sexual contact

except that the touching occurs through the clothing without that person's consent.

2. Sexual misconduct in the first degree is a class A misdemeanor unless the actor has previously been convicted of an offense under this chapter or unless in the course thereof the actor displays a deadly weapon in a threatening manner or the offense is committed as a part of a ritual or ceremony, in which case it is a class D felony.

In claiming that there was insufficient evidence to support his convictions, the appellant contends that the State failed to prove that the charged sexual conduct between himself and T.B. was not consensual. In so arguing, he relies on the testimony of T.B. at trial that: (1) he initiated the first sexual contact with the appellant; (2) he was never forced to have sexual contact with the appellant; and (3) whenever he refused to have sexual contact with the appellant, none occurred.

In order to convict a person of sexual misconduct pursuant to § 566.090, the State must prove that the sexual contact alleged occurred without the consent of the victim. Here, as the State admits, there was no evidence presented that the appellant engaged in the acts alleged without the consent of T.B. The only evidence presented as to the issue of consent tended to show that the acts were, in fact, committed with the consent of T.B. In this respect, the evidence presented established that T.B. initiated the first sexual contact with the appellant and was never forced by the appellant to engage in any sexual contact. As such, the State failed to establish the lack of consent.

The State concedes that the trial court erred in denying the appellant's motion for judgment of acquittal at the close of all the evidence as to the two counts of sexual misconduct.[2] The State agrees that the evidence was insufficient to support the appellant's convictions for sexual misconduct because it did not establish that the sexual contact between the appellant and T.B. was not consensual. As such, the State acquiesces in the reversal of the appellant's convictions on the two counts of sexual misconduct.

Because the State failed to prove each element of the crime of sexual misconduct beyond a reasonable doubt, there was insufficient evidence to support the appellant's convictions on those counts. As such, the trial court erred in denying the appellant's motion for judgment of acquittal at the close of all the evidence on the two counts of sexual misconduct, and its judgment in this respect must be reversed.

### Conclusion

The circuit court's judgment of the appellant's jury convictions of and sentences for two counts of sexual misconduct in the first degree, § 566.090, is reversed.

All concur.

2. The State did not argue that T.B. was incapable of giving consent due to his age.